

Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Phone: 415.772.4700
Fax: 415.772.4707
Email: kherkenhoff@kaplanfox.com
www.kaplanfox.com

September 21, 2022

**BY ECF**
Honorable Haywood S. Gilliam, Jr.
United States District Court for the
Northern District of California
Ronald V. Dellums Federal Building and
U.S. Courthouse
1301 Clay Street
Courtroom 2, 4th Floor
Oakland, CA 94612

        **Re: *Raynaldo, et al. v. American Honda Motor Co., Inc.*, No. 4:21-cv-05808-HSG**

Dear Hon. Judge Gilliam, Jr.,

        Pursuant to paragraph 19 of this Court's Standing Order, the parties in the above-captioned action (the "Action") submit this joint discovery dispute letter ("Letter") concerning competing versions of a proposed Stipulated Protective Order ("Protective Order") that the parties seek to have this Court enter to facilitate the exchange of discovery in the Action. The parties have conducted certain e-mail exchanges and teleconferences concerning the issues outstanding as to the primary differences as to the terms of a Protective Order, but they were not able to reach agreement on two points. This Letter outlines the basic positions of the parties, subject to any further briefing or oral argument as directed or permitted by the Court.

        Plaintiffs' draft of the Protective Order is set forth at Exhibit 1 hereto. It is Plaintiffs' position that their proposed Protective Order is nearly identical to the Northern District's model and is more suitable for the standard consumer class action litigation in this Action.

        Defendant's current proposed redline edits to Exhibit 1 are set forth at Exhibit 2 hereto. Exhibit 2, among other things, seeks to add language into former Section 7.2(c) (now 7.3(c) in the redline) providing that:

> . . . the parties agree that no disclosure of Confidential Information will be made to any expert and/or consultant who is an employee of any competitor of the designating party. To the extent a receiving party wishes to provide confidential information to any consulting or testifying expert witness who is not an employee of a competitor of the designating party, the receiving party must first meet and confer with the disclosing party prior to the release of any Confidential Information. If they are unable to reach agreement as

> to disclosure, the designating party has the burden to show the need for protection, but the receiving party may not provide the Confidential Information to the consulting or testifying expert until the matter is resolved.

Second, Defendant's redline to Section 7.2(f) (now 7.3(f)) in Exhibit 2), removes the ability of Plaintiffs to show Protected Material to persons "mentioned, discussed, or referred to in the material". Exhibit 1, in Section 7.2(f) included the following as persons to whom Protected Material may be shown: "(f) any person who (1) authored, is listed as a recipient of, or is mentioned, discussed, or referred to in the material; (2) is or was a custodian of the material; (3) is or was an employee of the Designating Party; or (4) otherwise possessed or knew the information."

The parties briefly have set forth their positions on these areas of dispute below.

**Plaintiffs' Position:**

First, Defendant's proposed provision in Section 7.2(c) in Exhibit 2 (new 7.3(c)), restraining Plaintiffs as to the potential experts or consultants that may be shown Confidential Information) is an unnecessary departure from the Northern District's Model Stipulated Protective Order for Standard Litigation. *Compare* Exhibit 2 (Defendant's Proposed Protective Order) with the Northern District's Model Protective Order for Standard Litigation, https://www.cand.uscourts.gov/wp-content/uploads/forms/model-protective-orders/CAND_StandardProtOrd.Feb2022.pdf (last visited September 15, 2022). The type of issue that is contemplated by Defendant in this provision is unlikely to occur in this consumer class action and is an unusual addition to a blanket protective order. Further, the proposed terminology in new Section 7.3(c) is so broad as to unfairly limit and burden Plaintiffs in their selection of experts, but also so vague as to create undue risk of inadvertent violations of its terms. The "competitor" language, particularly in the automotive field and on issues related to electronic systems and batteries, is so broad as to make it virtually impossible to ascertain what would be permissible. This is further complicated by the fact that the language is not limited to currently testifying or designated experts, but to "consultants".

Although Defendant claims to have included a provision similar in protective orders in other litigation, the dockets in such litigation (as to which Plaintiffs were directed by Defendant) do not indicate that the issue was litigated or challenged in those courts by the other party. Defendant has cited no opinion to Plaintiffs wherein a court has affirmatively upheld its proposed version over a challenge.

Second, the edits in Exhibit 2 that modify proposed Section 7.2(f) (now 7.3(f) in Exhibit 2) destroy the ability of Plaintiffs to review or discuss Protected Material with persons "mentioned, discussed, or referred to in the material" – which restrains Plaintiffs in the ability to show relevant information to witnesses with knowledge and/or the impeded the ability to authenticate such Protected Material.

**Defendant's Position**

One of the biggest risks to a company like AHM is that its valuable trade secrets will be appropriated by its competitors. AHM, and its affiliate companies, go to great lengths to protect its trade secrets, including restricting who inside the company can access its trade secrets. AHM is especially concerned about its trade secrets being shared with its competitors when AHM's trade secrets are provided to individuals who are not associated with AHM, e.g., Plaintiffs' experts, because AHM has very little control over what those individuals will do with AHM's trade secrets. To this end, AHM added a provision to the draft protective order that would keep its trade secrets from being shared with individuals who are affiliated, or have recently been affiliated, with a direct competitor of AHM ("Conflicted Expert Provision"). This is not, as Plaintiffs claim, an attempt by AHM to control the experts Plaintiffs engage in this case. Rather, it is meant to help ensure that AHM's trade secrets will not be appropriated by its direct competitors.

The provision AHM proposed is not controversial or unique to this litigation. It has been agreed to in nearly every class action AHM has been a party to in the past several years[1] and is a provision that is commonly agreed to by the parties in automotive class actions.[2] Rather than offering a compromise to AHM's Conflicted Expert Provision, Plaintiffs sent a draft joint discovery letter ("Draft Discovery Letter") pursuant to paragraph 19 of the Court's Standing Order raising three issues related to the draft protective order, including the Conflicted Expert Provision.

In the interest of cooperation, and to not take up valuable judicial resources on issues that AHM believes can and should be resolved by the parties, AHM agreed to accept Plaintiffs' request to remove the two other provisions from the protective order that Plaintiffs raised in the Draft Discovery Letter. AHM also offered a compromise to address the concerns raised by Plaintiffs in the Draft Discovery Letter related to the Conflicted Expert Provision. Again, rather than offering any compromise and explaining to AHM why its suggested compromise is problematic, Plaintiffs continue to insist this issue must be decided by the Court.

AHM continues to be willing to meet and confer with Plaintiffs about this issue to address their concerns while at the same time protecting AHM's valuable trade secrets. If Plaintiffs continue to insist that the Court decide this issue, and the Court is inclined to decide this issue,

---

[1] *See*, *e.g.*, *Tappana v. American Honda Motor Co., Inc.*, 2:21-cv-09046-DSF-PLA, Dkt. 43 at ¶ 2.4; *Clark v. American Honda Motor Co. Inc.*, 2:20-cv-03147-AB-MRWx, Dkt. 123 at ¶ 2.4; *Quackenbush v. American Honda Motor Co., Inc.*, No. 3:20-cv-05599-WHA, Dkt. 47 at ¶ 2.4; *Cadena v. American Honda Motor Co., Inc.*, 2:18-cv-04007 MWF (MAAx), Dkt No. 126 at ¶ 2.4.

[2] *See*, *e.g.*, *Kesselman v. Toyota Motor Sales, U.S.A., Inc.*, 2:21-cv-06010-AB-JC, Dkt. No. 83 at ¶ 10(f); *Fish v. Tesla, Inc.*, 8:21-cv-00060-JLS-JDE, Dkt. 36 at ¶ 4.4; *Sanchez v. Kia Motors America, Inc.*, No. 8:20-cv-01604-JLS-KES, Dkt. 45 at ¶ 2.4.

AHM respectfully requests that the Court order that AHM's Conflicted Expert Provision be included in the protective order for this case.

AHM believed it had addressed Plaintiffs' concerns related to whom can be shown Protected Material (the second issue Plaintiffs are asking the Court to decide) until it received Plaintiffs' revised letter. This too is an issue AHM believes could and should be resolved by the parties. Had Plaintiffs met and conferred with AHM about this issue, we would have told Plaintiffs that AHM is unwilling to agree to a provision that allows "Protected Materials" to be shown to anyone "mentioned, discussed, or referred to in the material" primarily because it would allow "Protected Material" to be disclosed to customers or dealers simply because they are "mentioned, discussed, or referred to in the material." If Plaintiffs are concerned there are other categories of people that they believe they will need to show the "Protected Material" to that may be "mentioned, discussed, or referred to in the material," AHM is willing to meet and confer to see if a compromise can be reached. Like the Conflicted Expert Provision, if Plaintiffs continue to insist that the Court decide this issue, and the Court is inclined to decide this issue, AHM respectfully requests that the Court order that the phrase "or is mentioned, disclosed, or referred to in the material" not be included in Section 7.3(f) of the protective order.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Kathleen A. Herkenhoff*
　　　Kathleen A. Herkenhoff

Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:　(415) 772-4700
Facsimile:　(415) 772-4707
lking@kaplanfox.com
kherkenhoff@kaplanfox.com
mgeorge@kaplanfox.com
breed@kaplanfox.com

**FEGAN SCOTT LLC**
Jonathan D. Lindenfeld (*pro hac vice*)
140 Broadway, 46th Floor
New York, NY 10005
Telephone: (332) 216-2101
Facsimile: (917) 725-9346
jonathan@feganscott.com

**FEGAN SCOTT LLC**
Elizabeth A. Fegan (*pro hac vice*)
150 South Wacker Drive, 4th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com

**SHINDLER, ANDERSON, GOPLERUD & WEESE, PC**
J. Barton Goplerud (*pro hac vice* to be filed)
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
goplerud@sagwlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Mark J. Dearman (*pro hac vice*)
Eric S. Dwoskin (*pro hac vice*)
Alexander C. Cohen (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
mdearman@rrgrdlaw.com
edwoskin@rgrdlaw.com
acohen@rgrdlaw.com

**LEVIN SEDRAN & BERMAN, LLP**
Charles E. Schaffer (*pro hac vice*)
Daniel C. Levin (*pro hac vice*)
Nicholas J. Elia (*pro hac vice*)
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
dlevin@lfsblaw.com
cschaffer@lfsblaw.com
nelia@lfsblaw.com

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067
Telephone:  (213) 401-4100
Facsimile:  (213) 401-0311
mdb@kuzykclassactions.com

**MIGLIACCIO & RATHOD LLP**
Nicholas A. Migliaccio (*pro hac vice* to be filed)
Jason S. Rathod (*pro hac vice* to be filed)
412 H Street NE, Suite 302
Washington, D.C.  20002
Telephone:  (202)470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

**BAIRD LAW FIRM**
William A. Baird
2625 Townsgate Road, 330
Westlake Village, CA  91361
Telephone:  (805)267-1209
w.baird.law@gmail.com

**WITES LAW FIRM**
Marc A. Wites (*pro hac vice* to be filed)
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone:  (866) 558-9631
mwites@witeslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

**SHOOK, HARDY & BACON L.L.P.**

By:  /s/   *Rachel A. Straus*
          Rachel A. Straus

Michael L. Mallow
Rachel A. Straus
2049 Century Park East, #3000
Los Angeles, California 90067
mmallow@shb.com
rstraus@shb.com

**SHOOK, HARDY & BACON L.L.P.**
Amir Nassihi
555 Mission Street, Suite 2300
San Francisco, California 94105
anassihi@shb.com

*Attorneys for Defendant American Honda Motor Co., Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Kathleen A. Herkenhoff, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of September 2022, at San Diego, California.

By: /s/ *Kathleen A. Herkenhoff*
      Kathleen A. Herkenhoff