UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RAYNALDO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>    Defendant. | Case No. 21-cv-05808-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 79 |

Pending before the Court is Defendant American Honda Motor Co., Inc.'s ("Honda") motion to dismiss the Second Amended Class Action Complaint ("SACAC"). Plaintiffs[1] filed the SACAC on November 17, 2022. *See* Dkt. No. 78. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

I.   **BACKGROUND**

Plaintiffs bring numerous claims against Honda in the SACAC. Plaintiffs allege that Honda CR-Vs (model years 2017-2019) and Honda Accords (model years 2016-2019) ("Class Vehicles") have a common defect that causes parasitic draining.[2] In its September 20, 2022 Order Granting Defendant's Motion to Dismiss the Amended Class Action Complaint, the Court found that Plaintiffs failed to identify the electrical components that allegedly caused parasitic draining. *See* Dkt. No. 70.

---

[1] Plaintiffs allege that they purchased defective vehicles from Honda. Plaintiffs are Ronald Raynaldo, Richard Barrie, Fernanda Nunes Ferreira, George Jones, Robert Lizzul, Mithcell Bryon Pazanki, Harry Rapp, Dennis Woods, Dayane Tessinari, Brendan Sanger, and Jason Casey.

[2] Parasitic draining is "the depletion of a battery's power when the vehicle is turned off[.]" SACAC ¶ 2.

Plaintiffs allege that their vehicles suffered from issues including failure to start and diminished reliability and safety. SACAC ¶¶ 19, 25, 31, 41, 47, 53, 63, 77, 88.

## II.  LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Fraud claims and claims that "sound in fraud" or are "grounded in fraud" must satisfy the heightened pleading requirements of Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." *Id.*

"[The Ninth Circuit] has interpreted Rule 9(b) to require that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (internal

2

1  citation omitted). This means that the complaint must allege "the who, what, when, where, and
2  how" of the alleged fraudulent conduct *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)
3  (internal citation omitted).

**III.   DISCUSSION**

Honda's arguments as to why the SACAC should be dismissed largely mirror those it made in seeking dismissal of the previous Amended Class Action Complaint. They contend that (1) Plaintiffs still fail to plead a defect; (2) the statutory fraud claims are not adequately pled; (3) Plaintiffs fail to allege breach of warranty; (4) Plaintiffs are unable to maintain a claim under an implied warranty theory because they fail to adequately plead privity or an exception to that requirement; fail to show their cars are unmerchantable; and fail to show that any implied warranty survives beyond the duration of the express warranty; and (5) Plaintiffs' equitable relief claims fail.

In the SACAC, Plaintiffs describe electronic systems or "modules" that work together to control the functions of the vehicle. At a high level, these electronic control units ("ECUs") communicate via the Controller Area Network ("CAN"). *See* SACAC ¶ 2. Specifically, Plaintiffs allege that problems associated with the Fast Controller Area Network ("F-CAN"), the network between the powertrain and units controlling the chassis functions, prevent the F-CAN from entering sleep mode. The result is that the F-CAN draws as much as 350mA even when the vehicle is off, more than seven times the amount it should be drawing. This causes various electrical units to draw too much battery power, which lowers the voltage of the battery, causing various malfunctions and ultimately battery failure. *See* SACAC ¶ 3.

Plaintiffs allege that the Class Vehicles suffer from an "inherent defect.[]" SACAC ¶ 1. That alleged defect is that the vehicle fails to properly shut off, thereby draining the battery. *Id*. ¶ 2. The defect impacts the vehicles' F-CAN, "which is a subnetwork of the vehicles' main CAN system." *Id*. ¶ 3. The CAN is how the ECUs communicate. *Id*. ¶ 2.

Plaintiffs allege that each new car purchased was covered by a New Vehicle Limited Warranty ("NVLW"). SACAC ¶¶ 216-222. The warranty that Plaintiffs allege covered their vehicles included any repairs or replacement for "material or workmanship" defects. SACAC ¶

3

217.

Plaintiffs bring a total of twenty-three claims under the laws of Massachusetts, Michigan, Nevada, Arizona, New York, Florida, Iowa, and California as well as common-law claims. Those claims generally sound in fraud and are based on omission or concealment; are for breach of warranty; or are for unjust enrichment. Plaintiffs seek damages; injunctive and declaratory relief; and attorneys' fees and costs. *See id*. § X.

The threshold question on this motion is whether Plaintiffs have adequately pled a defect. The Court is persuaded that they have. Next, Plaintiffs' claims can be grouped into two basic categories: those sounding in fraud and those based on breach of warranty. The Court finds that Plaintiffs have adequately pled statutory fraud claims but have failed to adequately plead their concealment or omission claims sounding in fraud. Plaintiffs' breach of express warranty claims are adequately pled for those plaintiffs who allege that they experienced problems with their vehicles in connection with this alleged defect before the expiration of the warranty. Plaintiffs' implied breach of warranty claims fail for not adequately alleging privity as required by various state laws.

### A. Adequate Pleading of Defect

The Ninth Circuit has not squarely addressed the level of detail necessary to allege an automobile defect. District courts considering the question have analyzed whether the allegations 1) identify the defective part or system with particularity and 2) describe the problem caused by the defect. *See Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1006 (N.D. Cal. 2021) (requiring the plaintiffs to identify the defective part and describe the problems caused by the defect).

Plaintiffs now allege that each of the Class Vehicles is affected by a problem impacting the F-CAN. The F-CAN is an identifiable subnetwork of parts responsible for communication between the powertrain and the ECUs. The defect prevents the vehicle from fully entering sleep mode when off, resulting in draw that drains the battery and ultimately depletes it.[3] The

---

[3] While they pertain to third parties, some of the NHTSA complaints also now include greater detail. *E.g.*, ¶¶ 153, 154, 155, 156, 158.

4

allegations in the SACAC adequately identify a parasitic drain defect in the F-CAN which causes the Class Vehicles to unexpectedly shut down, stall, or fail to start. SACAC ¶¶ 2-4.

The Court finds that Plaintiffs have adequately identified a particular allegedly defective electrical system, the F-CAN, along with related software, in the SACAC, and they have plausibly connected that defect to the problems they have encountered with their vehicles. *See, e.g.*, *id.* ¶¶ 20, 25, 31, 33, 41, 46, 47, 53, 63, 69, 70, 77, 78, 88, 89.

### B. Fraud Claims

Claims sounding in fraud, including those based on a theory of omission, require the complaint to allege "the who, what, when, where, and how" of the theory of falsity. *Cooper*, 137 F.3d at 627; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). The Fraudulent Omission or Concealment Claims have not meaningfully changed from those in the Amended Complaint. Plaintiffs again claim under the laws of various states that Defendant defrauded them, alleging that Honda knew of the alleged defect and failed to disclose it. Defendant argues that these claims should be dismissed because Plaintiffs fail to meet the heightened Rule 9(b) pleading standard; because Plaintiffs inadequately plead pre-sale knowledge; because Plaintiffs fail to plead facts supporting active concealment; and because the economic loss rule bars these claims.

#### 1. Statutory Fraud Claims

##### a. Particularity

The prior dismissal order found that "Plaintiffs have failed to plead with the required degree of specificity what Honda should have disclosed but didn't." Dkt. No. 70 at 12. As noted above, Plaintiffs have now remedied that deficiency by identifying the defective electrical system and explaining why it was defective. As the Court found in its order, Honda failed to respond to Plaintiffs' allegations regarding reliance and the manner in which the defect should have been disclosed, with the consequence that the Court declined to dismiss on those grounds. *Id.* Accordingly, Plaintiffs have now satisfied the particularity requirement of Rule 9(b).

##### b. Pre-Sale Knowledge

The prior dismissal order found that "Plaintiffs' allegations regarding consumer

1  complaints, reports and communications by Honda, and Honda's pre-sale testing suggest that
2  Honda was arguably aware that the vehicles at issue suffered from some battery-related issues, but
3  those allegations do not plausibly support an inference that these problems stemmed from a
4  common defective component or system. *Id.* at 13. The Court finds that the SACAC remedies
5  this defect.
6        First, Plaintiffs adequately allege that over one hundred NHTSA complaints from
7  consumers experiencing the defect provided pre-sale knowledge. Plaintiffs allege that many of the
8  complaints specifically reference parasitic draining, and at least some of them predated their
9  purchases. *See* SACAC ¶¶ 153-156. Plaintiffs plausibly allege that Defendant had access to these
10 complaints via the NHTSA database before they purchased their vehicles. *See Myers v. BMW of*
11 *N. Am., LLC*, No. 16-CV-00412-WHO, 2016 WL 5897740, at *4 (N.D. Cal. Oct. 11, 2016)
12 (finding pre-sale knowledge adequately alleged when NHTSA complaints were dated prior to
13 plaintiff's purchase and it was reasonable to infer that manufacturer had knowledge of complaints
14 because it used the NHTSA website to communicate information to consumers); *Wildin v. FCA*
15 *US LLC*, No. 3:17CV-02594-GPC-MDD, 2018 WL 3032986, at *5 (S.D. Cal. June 19, 2018)
16 (finding pre-sale knowledge adequately pled where a single consumer complaint was alleged
17 along with other indicators such as a high rate of complaints made directly to the manufacturer and
18 testing data). The Court agrees with Plaintiffs that adequately pleading pre-sale notice also does
19 not require the level of hyper-technical specificity in the consumers' description of the problem
20 with their cars that Defendant demands here. *See Parrish v. Volkswagen Group of Amer., Inc.*,
21 463 F.Supp.3d 1043, 1053 and n.8 (C.D. Cal. 2020) (observing in finding pre-sale knowledge
22 adequately pled that "[i]t is hardly surprising that a lay person's complaint would not explicitly
23 state the technical cause of the issues he or she is having with his or her car"). In addition, the
24 SACAC includes detailed allegations regarding an investigation into parasitic draining that Honda
25 undertook concerning Honda Accords beginning in 2017. SACAC ¶¶ 195-201.
26       Viewed as a whole, the allegations in the SACAC, including its allegations regarding the
27 timing and nature of the investigation, sufficiently support an inference of pre-sale knowledge so
28 as to survive a motion to dismiss.

6

Since Plaintiffs satisfy the heightened pleading standard under Rule 9(b) as to the statutory fraud claims, the Court denies Defendants' motion to dismiss those claims.

### 2. Plaintiffs Again Fail to Plead Facts Supporting Active Concealment

Fraudulent omission and fraudulent concealment claims are analytically synonymous. *See Edwards v. FCA US LLC*, No. 22-cv-1871-WHO, 2022 WL 1814144, at *3 (N.D. Cal. June 2, 2022). Plaintiffs are required to plead facts showing the "concealment or suppression of a material fact." *Id*. (quoting *Lewis v. Google LLC*, 851 F.App'x 723, 725 (9th Cir. 2021). The prior dismissal order recognized that some courts have found active concealment is adequately pled where (1) the defendant "substituted broken defective parts with equally defective replacements; and (2) represented to consumers that those defective replacements corrected the problem." *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-CV-04809-HSG, 2015 WL 4941780, at *5 (N.D. Cal. Aug. 19, 2015). Plaintiffs again plead fraudulent omission and fraudulent concealment on a theory that Honda knowingly replaced defective parts with other defective parts. However, the alleged defect is with the F-CAN, not the battery, so generic allegations about battery replacements do not plausibly suggest "any affirmative acts to suppress information or obscure customers' ability to discover it," Dkt. No. 70 at 14. Plaintiffs' claims are fatally strained and implausible, such that the SACAC fails to state a claim as to fraudulent omission or fraudulent concealment.[4] Accordingly, Plaintiffs claims under these theories are dismissed without further leave to amend because the SACAC failed to remedy the deficiencies identified in the Court's prior dismissal order. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1077 (9th Cir. 2009) (upholding dismissal with prejudice because a party's "repeated failure to cure deficiencies" constitutes a "strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile").

---

[4] The Court need not consider Defendant's economic loss rule argument because that theory applies only to the fraudulent concealment theory that has been dismissed. *See Cho v. Hyundai Motor Company*, 636 F. Supp. 3d 1149, 1161-62 (C.D. Cal. 2022) (applying economic loss rule to bar fraudulent concealment claim).

### C. Breach of Express Warranty

In the SACAC, only Plaintiff Jones brings a claim for breach of express warranty, as a putative class representative. SACAC ¶¶ 216-222, 303-321. Under the terms of the New Vehicle Limited Warranty ("NVLW"), Defendant "is required to repair or replace any part that is defective in material or workmanship under normal use." *Id.* ¶ 217. Plaintiffs allege that the NVLW covers new Honda vehicles for up to 36,000 miles or three years, and that Honda breached the NVLW by failing to make repairs and/or replacements in connection with the alleged defect. *Id.*

Jones alleges that he experienced problems with his vehicle within months of purchase and that it was covered by the NVLW. Defendant's sole ground for moving to dismiss this claim is that the alleged defect is a "design" defect falling outside the scope of the NVLW, which covers only "workmanship" or "material" defects.[5] Dkt. No. 75-1 at 16-17. At this point, Plaintiffs have pled enough to survive a motion to dismiss. Plaintiffs plead a software defect and connect that defect to the problems they experienced with the Class Vehicles. *See* SACAC ¶¶ 186-189 (alleging that Honda itself has acknowledged that a software problem may be keeping the Class Vehicles "awake[,]" resulting in a weak or dead battery). Plaintiffs allege, moreover, that Honda's attempt at a solution was to "update" relevant software. *Id.* ¶ 187. A software defect can amount to a workmanship defect. *See Browning v. Am. Honda Motor Co.*, No. 20-CV-05417-BLF, 2022 WL 824106, at *9 (N.D. Cal. Mar. 18, 2022) (finding software defect adequately pled to be a manufacturing defect where the defendant may have failed to properly calibrate the software for use in the vehicle). Ultimate factual questions about the actual nature of the defect (if any) are for a later stage.

### D. Implied Warranty

Honda moves to dismiss the implied warranty claims based on a lack of privity and failure to plead that the cars are unmerchantable, and argues that the implied warranty expires with the

---

[5] Defendant asks the Court to take judicial notice of a Warranty Guide for 2016-1019 Honda Accords. Dkt. Nos. 79-6, 79-7. Plaintiffs do not oppose that request, and the SACAC refers extensively to documents setting out warranty terms. *See* SACAC ¶¶ 216-220. Accordingly, the Court **GRANTS** the request for judicial notice, and takes notice of the existence and contents of the document, without using it to resolve any dispute of fact against the well-pled allegations of the complaint.

8

express warranty. The Court agrees with Honda with respect to the first argument: Plaintiffs' claims for implied breach of warranty fail because they do not allege privity, or any valid exception.

### 1. Privity between Plaintiffs and AHM

Defendant argues that privity is required for a breach of implied warranty claim under the laws of California, Nevada, Florida, Arizona, and New York. For each state's law at issue, this argument implicates two questions: (1) does the relevant state law require privity?; and (2) if so, have Plaintiffs plausibly pled that it or an exception to the requirement exists?

- In general, privity is required under California law to recover on a breach of implied warranty theory. *See, e.g.*, *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058, 70 Cal. Rptr. 3d 566, 582 (2008) ("Privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability") (internal citations and quotations omitted).[6]
- Whether Nevada requires privity appears to depend on whether the case involves horizontal or vertical privity. *See Mandeville v. Onoda Cement Co.*, 67 F. App'x 417, 419 (9th Cir. 2003) ("[E]ven if vertical privity between a manufacturer and buyer is not required, Nevada still requires horizontal privity (i.e., between the buyer and user) to recover economic damages for breach of warranty."); *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F.Supp. 3d 625, 831 (C.D. Cal. 2022) (dismissing Plaintiffs' breach of implied warranty claim based on defective airbags against Toyota because "[u]nder Nevada law, 'contractual privity is a

---

[6] California law recognizes an exception to the privity requirement where the consumer relies on written promotional materials of the manufacturer. *See Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2020 WL 4390371, at *9 (C.D. Cal. July 28, 2020) ("In California, privity is not required when the plaintiff relies on written labels or advertisements of a manufacturer") (internal citation omitted). Defendant argues that California does not in fact recognize such an exception for implied breach of warranty claims. *See Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 853 (N.D. Cal. 2018) (holding that the exception exists for only express breach of warranty). This Court agrees with the conclusion in *Zeiger*. *See Mosher-Clark v. Gravity Defyer Med. Tech. Corp.*, No. 22-CV-05288-HSG, 2023 WL 5836976, at *6 (N.D. Cal. Sept. 8, 2023) (finding that the Ninth Circuit "did not create any exception with respect to implied warranty claims").

prerequisite for a breach of warranty action'"); *Matanky v. General Motors LLC*, 370 F.Supp.3d 772, 787 (E.D. Mich. 2019) (denying Defendants' motion to dismiss because "[t]he Supreme Court of Nevada has held that 'lack of privity between the buyer and manufacturer does not preclude an action against the manufacturer" for breach of warranties). Plaintiffs have not adequately pled *any* claimed theory of privity or made clear how they meet the requirements of Nevada law. *See Ventimiglia v. Wells Fargo Bank, N.A.*, No. 2:13-00953 WBS CMK, 2013 WL 3367330, *at 5 (E.D. Cal. July 5, 2013) (granting Defendant's motion to dismiss because the complaint "fail[ed] to allege adequate facts to support any such claim, and plaintiff's opposition brief fail[ed] to explain" why dismissal was unwarranted).

- Florida law requires privity, but acknowledges an exception when consumers buy from an authorized dealer. *See Wilson v. Volkswagen Grp. of Am., Inc.*, No. 17-23033-CIV, 2018 WL 9850223, at *4 (S.D. Fla. Nov. 30, 2018) (acknowledging an exception, under Florida law, among others, to the privity requirement when a buyer has purchased from an agent of the manufacturer). However, Plaintiffs are required to plead facts alleging such a relationship. *See Friedman v. Mercedes Benz USA LLC*, No. CV 12-7204 GAF CWX, 2013 WL 8336127, at *6 (C.D. Cal. June 12, 2013) (dismissing claims where plaintiff failed to plead facts establishing an agency relationship).

- And under Florida and New York law, there is an exception for parties who are third party beneficiaries even where there is no privity with the defendant. *See Bhatia v. 3M Co.*, 323 F. Supp. 3d 1082, 1100 (D. Minn. 2018) (finding that, for pleading purposes, plaintiffs had sufficiently alleged facts to support a third party beneficiary exception to the privity requirement under a breach of implied warranty claim based on the laws of Florida, New York, and others). Again, however, Plaintiffs are required to plead facts establishing that they are third party beneficiaries who purchased from agents of Defendant. *See In re Carrier IQ, Inc.*,

78 F. Supp. 3d 1051, 1106 (N.D. Cal. 2015) (dismissing third party beneficiary implied warranty claim where plaintiffs failed to plead facts establishing any such relationship).

- New York includes an exception for a "thing of danger." *Falk v. Nissan N. Am., Inc.*, No. 17-CV-04871-HSG, 2018 WL 2234303, at *4 (N.D. Cal. May 16, 2018) (finding the "thing of danger" exception to the privity requirement sufficiently viable for the plaintiff to survive a motion to dismiss). However, this exception is not applicable because as alleged Plaintiff Lizzul purchased a used vehicle, and there is no allegation that "Rockland Motors" was an agent of Honda. *See* SACAC ¶ 38.

- And Arizona law excepts consumers from the privity requirement when they rely on a manufacturer to disclose the known defect at the time of sale. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 594 (E.D. Mich. 2018) (holding that privity is not required where fraud is adequately alleged).

Plaintiffs entirely fail to plead facts, rather than conclusions, establishing either privity or an applicable exception with respect to their implied warranty claim. Plaintiffs include a paragraph, repeated nearly verbatim throughout the SACAC, simply asserting the legal conclusion that either privity has been shown or the applicable exception exists.[7] But they fail to allege *facts* plausibly supporting this assertion. And as to the Nevada claim, Plaintiffs fail even to explain why privity, either horizontal or vertical, is not required. Accordingly, all of Plaintiffs' implied

---

[7] *See* SACAC ¶ 313 ("Plaintiff Jones and other Class members have had sufficient direct dealings with either Defendant or its agents (*e.g.*, dealerships, consumer affairs departments, and technical support) to establish privity of contract between Defendant on one hand, and Plaintiffs and each of the other Class members on the other hand. Nonetheless, privity is not required here because Plaintiffs and each of the other Class members are intended third-party beneficiaries of contracts between Defendant and their dealers, and specifically, of Defendant's express warranties. The dealers were not intended to be the ultimate consumers of the Class Vehicles; the warranty agreements were designed for and intended to benefit the consumers only. Additionally, privity is excused here because Plaintiff Jones and each of the other Class members relied on statements made by Defendant itself in choosing to purchase or lease a Class Vehicle. As alleged herein, the marketing of the Class Vehicles was uniform and was controlled and disseminated directly by Defendant.").

11

1  warranty claims fail at this threshold juncture.  For this reason, the Court need not consider

2  Defendants' alternative arguments as to why Plaintiffs' implied warranty claims must be

3  dismissed.

### E.  Equitable Relief

#### 1.  Plaintiffs Fail to Plead an Inadequate Remedy at Law

Plaintiffs seeking only monetary compensation without identifying any future harm to be redressed may not seek equitable relief.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of claims under the UCL and CLRA where, as here, plaintiff failed to allege that they lacked an adequate remedy at law and sought damages in the amount of full restitution).  The Court agrees with Defendant that Plaintiffs do not allege that they lack an adequate remedy at law.  Therefore, Plaintiffs' claims for injunctive relief are dismissed.

#### 2.  Plaintiffs' Unjust Enrichment Claim is Dismissed

The Court agrees that this claim should be dismissed, at a minimum, because Plaintiffs fail to identify the law under which they seek relief.  In order for the Court to determine whether the unjust enrichment claim has been adequately pled, Plaintiff must allege the applicable law.  *See In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) ("In order for the Court to determine whether the unjust enrichment claim has been adequately pled, Plaintiff must allege the applicable law.").

### IV.  CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Honda's motion to dismiss.

1. Honda's motion is denied as to Plaintiffs' statutory fraud claims.
2. Honda's motion is granted without leave to amend as to Plaintiffs' fraudulent concealment or fraudulent omission claims.
3. Honda's motion is denied as to Plaintiffs' breach of express warranty claim.
4. Honda's motion is granted with leave to amend as to Plaintiffs' breach of implied warranty claims.
5. Honda's motion is granted without leave to amend as to Plaintiffs' equitable relief claims.

To the extent Plaintiffs can amend any claim as to which leave was granted consistent with

their Rule 11 obligations, any amended complaint must be filed within 28 days from the date of this Order, and Plaintiffs may not add any new causes of action or defendants in any amended complaint.  The Court is strongly of the view that serial pleading litigation is an inefficient and time-consuming use of Court and party resources, and Plaintiffs need to plead their very best case, with adequate supporting factual allegations, as to any claims as to which leave has been granted. The Court is very unlikely to allow further leave to amend as to any claim not adequately pled in the next amended complaint, given that Plaintiffs will have had multiple opportunities to state a claim by that point.

The Court **SETS** a further case management conference for **November 7, 2023**, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court further **DIRECTS** the parties to meet and confer and submit a joint case management statement by **October 31, 2023**.

**IT IS SO ORDERED.**

Dated:   10/19/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

13