| | |
|---|---|
| Laurence D. King (SBN 206423)<br>lking@kaplanfox.com<br>Kathleen A. Herkenhoff (SBN 168562)<br>kherkenhoff@kaplanfox.com<br>Matthew B. George (SBN 239322)<br>mgeorge@kaplanfox.com<br>Blair E. Reed (SBN 316791)<br>breed@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>1999 Harrison Street, Suite 1560<br>Oakland, California 94612<br>Telephone: (415) 772-4700<br>Facsimile:  (415) 772-4709<br><br>*Attorneys for Plaintiffs and the Proposed Class*<br><br>[Additional counsel appear on signature page.] | Michael L. Mallow, SBN 188745<br>mmallow@shb.com<br>Rachel A. Straus, SBN 268836<br>rstraus@shb.com<br>**SHOOK, HARDY & BACON L.L.P.**<br>2049 Century Park East, #3000<br>Los Angeles, California 90067<br>Telephone: (424) 285-8330<br>Facsimile:  (424).204-.9093<br><br>Amir Nassihi, SBN 235936<br>anassihi@shb.com<br>**SHOOK, HARDY & BACON L.L.P.**<br>555 Mission Street, Suite 2300<br>San Francisco, California 94105<br>Telephone: (415) 544-1900<br>Facsimile:  (415) 391-0281<br><br>*Counsel for Defendant American Honda Motor Co., Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| RONALD RAYNALDO, FERNANDA NUNES FERREIRA, GEORGE JONES, ROBERT LIZZUL, MITCHELL BRYON PAZANKI, HARRY RAPP, DENNIS WOODS, DAYANE TESSINARI, BRENDAN SANGER, AND JASON CASEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 4:21-cv-05808-HSG<br><br><u>Class Action</u><br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr.<br>Ctrm:    2, 4th Floor<br>Date:    November 7, 2023<br>Time:    2:00 p.m. |

Plaintiffs Ronald Raynaldo, Fernanda Nunes Ferreira, George Jones, Robert Lizzul, Mitchell Bryon Pazanki, Harry Rapp, Dennis Woods, Dayane Tessinari, Brendan Sanger, and Jason Casey ("Plaintiffs") and Defendant American Honda Motor, Co. Inc. ("AHM") (collectively, "the Parties") hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled for November 7, 2023 in the above-captioned action (the "Action").

**1.     Status of Case**

This case was originally filed on July 28, 2021 (Dkt. 1). On September 30, 2021, Plaintiffs filed their Amended Class Action Complaint (Dkt. 15). On September 20, 2022, the Court granted AHM's Motion to Dismiss all of the claims in Plaintiffs' Amended Class Action Complaint (Dkt. 70). On November 17, 2022, Plaintiffs filed their Second Amended Class Action Complaint ("SACAC"). On October 19, 2023, the Court granted in part and denied part AHM's Motion to Dismiss ("Order") (Dkt. 89). The Court found that Plaintiffs alleged a defect (the "Defect"), granted AHM's motion as to Plaintiffs' fraudulent concealment/fraudulent omission claims and equitable relief claims without leave to amend, granted AHM's motion to dismiss Plaintiffs' implied warranty claim with leave to amend, and denied AHM's motion as to Plaintiffs' statutory fraud claims and breach of express warranty claims. Per the Court's Order, Plaintiffs have 28 days from its Order to amend the SACAC.

*Jurisdiction and Venue*:

Plaintiffs' Statement

The Court has subject matter jurisdiction over this Action as it is based on diversity jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Plaintiffs believe jurisdiction and venue in this Court are appropriate.

AHM's Statement

Based on Plaintiffs' allegations, AHM does not challenge at this time that the Court has subject matter jurisdiction under CAFA or that venue is proper.

*Service*:

Plaintiff Raynaldo served AHM with the initial complaint and summons in the Action on August 2, 2021. All Parties have agreed to accept service via electronic means to the electronic mail addresses provided by the Parties' counsel to the Court.

**2.    Facts**

Plaintiffs' Statement

As set forth in the SACAC (Dkt. No. 78), Plaintiffs allege that AHM actively concealed that millions of Class Vehicles[1] it sold to members of the Class(es) suffer from a latent defect, known as parasitic draining, which results in the failure of the vehicles' essential purpose: to start running and safely transport consumers. Parasitic draining occurs when electrical components in a vehicle, particularly the Fast Controller Area Network, fail to shut down once the vehicle is parked and turned off, which, in turn, allows electronic control units ("ECU"s) to continue consuming power from the battery ("Parasitic Drain Defect" or "Defect"). In vehicles with a Parasitic Drain Defect, the vehicle will be unable to start, causing scores of issues, ultimately stranding consumers. Further, the damage caused by the Parasitic Drain Defect manifests without advance notice, creating the risk of vehicles stopping while being driven, and threatening to cause and/or causing federally mandated safety features such as emergency hazard lights and headlights to fail. Prolonged and recurrent battery depletion results in the overuse of the vehicle's alternator (which is used to replenish the battery when the engine is on) and can cause the vehicle's engine to stall.

As a result of the Defect, Class Vehicle owners are often being required to pay hundreds or thousands of dollars for replacement batteries and repairs. Worse, many are still left with the Defect even after these expensive attempts at repair. Replacing batteries and other components which degrade as a result of the Defect are only temporary fixes, because the replacement components will ultimately fail prematurely as well.

Each of the Plaintiffs, through their exposure and interaction with AHM, were aware of AHM's uniform and nationwide marketing message that its vehicles are safe and dependable, which

---

[1] The Class Vehicles (as defined in the SACAC) are Honda CR-V (model years 2017-2019) and Honda Accord (model years 2016-2019), and each of these vehicles was delivered to consumers with an identical and inherent defect in the Class Vehicles' design and/or manufacturing process.

was material to their decisions to purchase Class Vehicles. When the Plaintiffs purchased and/or leased their Class Vehicles, they believed, based on AHM's marketing message, that they would be in a safe and dependable vehicle and one that is safer than a vehicle that is not marketed as safe and dependable. After purchasing their Class Vehicles, Plaintiffs experienced issues with their Class Vehicles as a result of the Defect.

Plaintiffs allege that AHM knew, and/or was on notice of the fact, that its Class Vehicles suffered from the Parasitic Drain Defect even before commencing sales. As of the time of filing the Action, AHM had largely only instructed its dealers to update internal software and replace dead batteries in certain Class Vehicles, if necessary. This "corrective action" did not remedy the Parasitic Drain Defect, nor did it make the Class Vehicles any more dependable for their owners or lessees.

If Plaintiffs and other Class members knew of the Defect at the time of purchase or lease, they would not have bought or leased the Class Vehicles or would have paid less for them. Plaintiffs and other Class members did not receive the benefit of the bargain in connection with their purchases and/or leasing of the Class Vehicles.

Plaintiffs allege that the conduct described herein makes Defendant liable for, among other things, breach of express and implied warranties, and unfair, deceptive, and/or fraudulent business practices. In turn, owners and/or lessees of the Class Vehicles, including Plaintiffs, have suffered an ascertainable loss of money and/or property and/or loss in value. Plaintiffs bring this action to redress Defendant's misconduct. The Court's October 19, 2023 Order Granting in Part and Denying in Part Motion to Dismiss ("Dkt. No. 89" or the "Order"), denied Defendant's motion to dismiss statutory fraud and breach of express warranty claims, and granted without leave to amend as to fraudulent concealment or fraudulent omission claims and/or equitable relief claims. The Order granted leave to amend as to breach of implied warranty claims.

Plaintiffs seek certification of a nationwide class of persons under California law. Plaintiffs allege that California law is applicable to each of their consumer claims because their claims emanate from Defendant's conduct in the State. In the alternative, Plaintiffs also seek certification

of classes of consumers under the laws of Florida, Iowa, Illinois, Arizona, Nevada, New York, Massachusetts, Michigan, and California.

AHM's Statement

AHM denies Plaintiffs' allegations and further states that this action is without merit. AHM specifically denies the existence of the alleged Defect or that the alleged Defect presents any "safety concerns." AHM also expressly denies that it committed fraud, breached any warranty, or engaged in any of the misconduct alleged in the SACAC. AHM also denies that Plaintiffs are entitled to any of the relief they seek and that Plaintiffs' claims are amenable to class treatment.

**3.    Legal Issues**

The Parties anticipate that the following disputed points of law, among others, will arise in this Action:

- Whether Plaintiffs can prove the existence of the specific defect they allege;
- Whether Plaintiffs have adequately pled causes of action for violation of breach of California's warranty law;
- Whether the Defect Plaintiffs alleged is a manufacturing or design defect;
- Whether AHM had a duty to disclose the alleged defect, including whether AHM had knowledge of the specific defect alleged by Plaintiffs;
- Whether Plaintiffs' claims raise common questions or law or fact and otherwise satisfy the requirements of Fed. R. Civ. P. 23 such that an aggregated proceeding is both manageable and comports with due process;
- Whether California law may be applied to the claims of all Plaintiffs and putative class members as a proposed "nationwide" class;
- If Plaintiffs can adequately amend their breach of implied warranty claim, whether Plaintiffs' class vehicles are defective or unmerchantable;
- If Plaintiffs can adequately amend their breach of implied warranty claims, the impact of any issues of privity with AHM on the claims of certain Plaintiffs and members of the proposed classes; and

- Whether Plaintiffs are entitled to punitive, actual, and statutory damages, costs, attorneys' fees, pre- and post-judgment interest, declaratory relief, and any other relief provided for by federal and state law.

**4.   Motions**

Plaintiffs' Statement

Plaintiffs intend to file a Motion for Class Certification. In the prior Joint Case Management Conference Statement (Dkt. No. 46) the parties set out a proposed schedule, but indicated flexibility may be needed dependent on the timing of the Court's decision on Defendant's motion to dismiss. On October 19, 2023, the Court entered its Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. No. 89, or the "Order"). The Parties propose the adjusted schedule set forth below.

Plaintiffs believe that a motion for partial summary judgment may be appropriate with respect to the following issues: (i) the existence of the Defect in the Class Vehicles; (ii) Defendants' knowledge of the Defect; and (iii) the damages to the Class Vehicle caused by the non-disclosure of the Defect at the time of sale. Plaintiffs reserve the right to identify additional motions as the Action proceeds.

AHM's Statement

AHM anticipates filing motions for summary judgment on the named plaintiffs' claims.

**5.   Amendment of Pleadings**

Plaintiffs' Statement

The Court has directed that any further amended complaint be filed within 28 days of its Order, or November 17, 2023. The forthcoming amended complaint will not include additional plaintiffs or claims. The Plaintiffs respectfully reserve the right to add additional plaintiffs and proposed class representatives, in which case they would likely add additional state law claims, based upon discovery obtained in the Action and in conformity with any certified class definitions.

Defendant's Statement

Since Plaintiffs have now been provided four opportunities to plead their claims, if Plaintiffs later attempt to add additional plaintiffs or proposed class representatives to represent additional states, AHM will likely oppose that attempt.

**6.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have taken reasonable and proportionate steps to preserve evidence reasonably relevant to the issues in this Action. The Parties entered a letter setting out agreement to an ESI protocol on December 22, 2022.

**7.     Disclosures**

The Parties exchanged initial disclosures on November 30, 2021.  The Parties may amend or supplement those initial disclosures as discovery commences.

**8.     Discovery**

On April 21, 2022, Plaintiffs served a first set of requests for production ("RFP's") to Defendant, to which Defendant served objections on June 16, 2022 (the "Objections"), and produced certain documents thereafter.

On September 22, 2022, the Court referred discovery in the Action to the Honorable Kandis A. Westmore (Dkt. No. 72).

Plaintiffs' Statement

Plaintiffs have sought discovery relating to, *inter alia,* the Defect, Defendant's knowledge of the Defect and the safety risks associated with the defect; communications with dealers regarding corrective actions or warranty repairs for the defect; internal analyses of the Defect, its causes and repairs; communications with class members regarding the defect; and other matters. Currently, Plaintiffs do not propose any modifications of the discovery rules, but have entered a stipulated confidentiality order and ESI protocol with Defendant.

As noted above, Plaintiffs served RFP's and Defendant served Objections and some responses and documents.  One of the primary Objections by Defendant was that the Defect had not been sufficient identified by Plaintiffs and that, pending the Court's decision on the issue, Defendant largely took the position that, without an upheld complaint detailing (from their perspective) the "Parasitic Drain Defect", they were unable to search for response documents.  An example of this objection is repeated below:

> "Because AHM is not aware of a 'Parasitic Drain Defect' as defined by Plaintiffs and because Plaintiffs have not identified a root cause for the alleged 'Parasitic Drain Defect,' or what particular part or system is affected by the alleged 'Parasitic Drain Defect,' AHM is unable to confirm whether any particular document is responsive to this Request. Thus, AHM objects to this Request on the grounds that it is vague and ambiguous as drafted. AHM further objects to this Request because it fails to identify the information sought with reasonable specificity. Additionally, this Request is overly broad, unduly burdensome, and not proportional to the needs of this case. Pending the Court's ruling on AHM's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 52) or Plaintiffs clarifying the alleged 'Parasitic Drain Defect,' AHM will not be producing any documents pursuant to this Request. AHM reserves its right to amend this objection and/or assert other applicable objections once the Court rules on AHM's Motion to Dismiss or Plaintiffs provide clarification about their alleged 'Parasitic Drain Defect.'"

At Plaintiffs' request, the Parties engaged in several meet and confers concerning the Objections from Defendant, but they were largely unable to resolve their differences given the unsettled status of the pleadings. Given the Court's Order, the Plaintiffs contacted Defendant on October 25, 2023 to determine if it would be amending its Objections in light of the Order and to confirm that for the limited documents it did agree to produce, that all such responsive documents have been produced. As of the date of this filing, Defendant has been unable to provide Plaintiffs an approximate date for its amended responses or further production of documents, including easily identifiable documents such as Quality Improve Sheet ("QIS") reports and documents relating to its 2017, 2018, and 2019 investigations into parasitic draining in Class Vehicles. (*See* SACAC ¶¶ 195-201).

Plaintiffs will be evaluating Defendant's response to this query in connection with the decision to issue further discovery to Defendant, such as interrogatories. Plaintiffs will also be issuing third party discovery.

AHM's Statement

To the extent documents exist, AHM has produced documents in response to Plaintiffs' requests that did not specifically relate to the alleged Defect. AHM is evaluating Plaintiffs' RFPs in light of the Court's Order and will be amending its responses and objections. AHM anticipates seeking discovery relating to Plaintiffs' purchase, use, maintenance, repairs to, and if applicable, the disposition of their vehicles; and the frequency, nature, and circumstances in which Plaintiffs have experienced the alleged Defect.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**9.   Class Actions**

Plaintiffs' Statement

Plaintiffs will file a motion to certify classes pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3) substantially similar to the classes defined in the SACAC and for the reasons set forth therein.

AHM's Statement

AHM maintains that Plaintiffs' claims are not amenable to class treatment.

**10.  Related Cases**

The Parties were aware of one related case pending in the Superior Court of California, Los Angles Division, titled *Gonzalez v. American Honda Motor Co., Inc*., Case No.: 21STCV17970. Two of the Plaintiffs' firms in this Action were/are also Plaintiff Gonzalez's counsel.[2] The *Gonzalez* action and this Action, both assert claims on behalf of a California class. However, this Action also asserts claims on behalf of a Nationwide class.

The *Gonzalez* action was filed May 13, 2021, and the parties in the *Gonzalez* action had previously informed that court that they believe that it would not be efficient to litigate parallel actions with overlapping claims and classes and that they have been conferring and discussing options to either coordinate the proceedings, stay the *Gonzalez* action or voluntarily dismiss *Gonzalez* action with a tolling agreement. On April 6, 2022, the court in the *Gonzalez* action entered an order of dismissal without prejudice.

**11.  Relief**

Plaintiffs' Statement

Plaintiffs seek:

- certification of the proposed nationwide class, alternative state court classes;
- appointment of class representatives and Class Counsel;
- an order for appropriate injunctive and/or declaratory relief, including, but not limited to, an order that requires Defendant to repair, recall, and/or replace the Class Vehicles and to extend the applicable warranties to a reasonable period of time, or,

---

[2] Those firms are Levin Sedran & Berman and Migliaccio & Rathod LLP.

at a minimum, to provide Plaintiffs and Class members with appropriate curative notice regarding the existence and cause of the Defect;

- costs, restitution, damages, including punitive damages, and disgorgement in an amount to be determined at trial;
- an order requiring AHM to pay both pre- and post-judgment interest on any amounts awarded;
- an award of costs and attorneys' fees; and
- such other or further relief as may be appropriate.

AHM's Statement

AHM maintains that Plaintiffs are not entitled to any relief they seek.

**12.  Settlement and ADR**

The Parties met and conferred regarding ADR and have reached a stipulation pursuant to Civil L.R. 16-18 and ADR L.R. 3-5, that is filed concurrently herewith. ADR may be premature at this stage of the Action, but have agreed to participate in the private ADR option later in this Action. The Parties anticipate working with a private mediator jointly selected by the Parties.

**13.  Consent to a Magistrate Judge for All Purposes**

The Parties do not consent to proceed before a Magistrate Judge for any purpose.

**14.  Other References**

At this time, the Parties do not believe that this Action is suitable for reference to a special master.

**15.  Narrowing of the Issues**

The Parties agree there are no issues that that can be narrowed at this time.

**16.  Expedited Trial Procedure**

The Parties respectfully submit that this Action is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**17.   Scheduling**

The Parties propose the following schedule that requires experts to be disclosed with each Parties' respective class certification briefing as that would best contextualize the relevant focus of the expert evidence.

The Parties jointly propose as follows:

| Event | Parties' Proposal |
|---|---|
| Deadline to Amend Pleadings | November 17, 2023 (by order of the Court in Dkt. No. 89). |
| Discovery Deadline | October 20, 2024 |
| Deadline to file Motion for Class Certification and serve Plaintiffs' expert disclosures and reports | November 20, 2024 |
| Deadline to file opposition to Motion for Class Certification and serve Defendant's expert disclosures and reports | January 26, 2025 |
| Deadline to file Reply regarding Motion for Class Certification | March 12, 2025 |

The Parties propose that, within 30 days following the Court's ruling on Plaintiffs' motion for class certification, they confer regarding what other case activities remain and deadlines for dispositive motions (if necessary), and submit a proposal to the Court for the remaining case schedule.

**18.   Trial**

The Parties request a jury trial. The Parties respectfully submit that the trial date, trial length estimate, and other pretrial deadlines should be addressed after the Court has made a determination on class certification.

**19.  Disclosure of Non-party Interested Entities**

Plaintiffs' Statement

All Plaintiffs have filed their certifications reflecting that, other than the Parties, they are not aware of any other interests to report.

AHM's Statement

AHM is a wholly owned subsidiary of Honda Motor Co., Ltd., a Japanese Corporation. Honda Motor Co, Ltd. (NYSE: HMC) is a publicly held corporation.  No publicly held corporation owns ten percent (10%) or more of the stock of Honda Motor Co., Ltd.

**20.  Professional Conduct**

The attorneys of record for Plaintiffs and Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other**

The Parties do not believe any other matters are appropriate for discussion at this time.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: October 31, 2023

By:  /s/ *Laurence D. King*
        Laurence D. King

Laurence D. King (SBN 206423)
*lking@kaplanfox.com*
Kathleen A. Herkenhoff (SBN 168562)
*kherkenhoff@kaplanfox.com*
Matthew B. George (SBN 239322)
*mgeorge@kaplanfox.com*
Blair E. Reed (SBN 316791)
*breed@kaplanfox.com*
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:  (415) 772-4700
Facsimile:  (415) 772-4707

| | | |
|---|---|---|
| 1 | | **FEGAN SCOTT LLC** |
| 2 | DATED: October 31, 2023 | By: /s/ *Jonathan D. Lindenfeld* |
| | | Jonathan D. Lindenfeld |
| 3 | | |
| 4 | | Jonathan D. Lindenfeld (*pro hac vice*) |
| | | *jonathan@feganscott.com* |
| 5 | | 140 Broadway, 46th Floor |
| | | New York, NY 10005 |
| 6 | | Telephone: (332) 216-2101 |
| | | Facsimile: (917) 725-9346 |
| 7 | | **FEGAN SCOTT LLC** |
| 8 | | Elizabeth A. Fegan (*pro hac vice*) |
| | | *beth@feganscott.com* |
| 9 | | 150 South Wacker Drive, 4th Floor |
| | | Chicago, IL 60606 |
| 10 | | Telephone: (312) 741-1019 |
| | | Facsimile: (312) 264-0100 |
| 11 | | **SHINDLER, ANDERSON, GOPLERUD & WEESE, PC** |
| 12 | | J. Barton Goplerud (*pro hac vice* forthcoming) |
| | | *goplerud@sagwlaw.com* |
| 13 | | 5015 Grand Ridge Drive, Suite 100 |
| | | West Des Moines, IA 50265 |
| 14 | | Telephone: (515) 223-4567 |
| | | Facsimile: (515) 223-8887 |
| 15 | | |
| 16 | | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| 17 | DATED: October 31, 2023 | By: /s/ *Mark J. Dearman* |
| | | Mark J. Dearman |
| 18 | | Mark J. Dearman (*pro hac vice*) |
| | | *mdearman@rrgrdlaw.com* |
| 19 | | Alexander C. Cohen (*pro hac vice*) |
| | | *acohen@rgrdlaw.com* |
| 20 | | 225 NE Mizner Blvd, Suite 720 |
| | | Boca Raton, FL 33432 |
| 21 | | Telephone: (561) 750-3000 |
| | | Facsimile: (561) 750-3364 |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

|  |  |
|---|---|
| | **LEVIN SEDRAN & BERMAN, LLP** |
| DATED: October 31, 2023 | By: /s/ *Charles E. Schaffer* <br>          Charles E. Schaffer |
| | Charles E. Schaffer (*pro hac vice*) <br> cschaffer@lfsblaw.com <br> Daniel C. Levin (*pro hac vice*) <br> dlevin@lfsblaw.com <br> Nicholas J. Elia (*pro hac vice*) <br> nelia@lfsblaw.com <br> 510 Walnut Street, Suite 500 <br> Philadelphia, PA  19106 <br> Telephone:  (215) 592-1500 <br> Facsimile:  (215) 592-4663 |

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
*mdb@kuzykclassactions.com*
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067
Telephone:  (213) 401-4100
Facsimile:  (213) 401-0311

**MIGLIACCIO & RATHOD LLP**
Nicholas A. Migliaccio (*pro hac vice* to be filed)
*nmigliaccio@classlawdc.com*
Jason S. Rathod
*jrathod@classlawdc.com*
412 H Street NE, Suite 302
Washington, D.C.  20002
Telephone:  (202)470-3520

**BAIRD LAW FIRM**
William A. Baird
*w.baird.law@gmail.com*
2625 Townsgate Road, 330
Westlake Village, CA  91361
Telephone:  (805)267-1209

**WITES LAW FIRM**
Marc A. Wites (*pro hac vice* to be filed)
*mwites@witeslaw.com*
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone:  (866) 558-9631

*Attorneys for Plaintiffs and the Proposed Class*

| | | |
|---|---|---|
| 1 | | **SHOOK, HARDY & BACON L.L.P.** |
| 2 | DATED: October 31, 2023 | By: /s/ *Amir Nassihi* |
| | | Amir Nassihi |
| 3 | | |
| 4 | | Amir Nassihi, SBN 235936 |
| | | *anassihi@shb.com* |
| 5 | | 555 Mission Street, Suite 2300 |
| | | San Francisco, California 94105 |
| 6 | | Telephone: (415) 544-1900 |
| | | Facsimile: (415) 391-0281 |
| 7 | | **SHOOK, HARDY & BACON L.L.P.** |
| | | Michael L. Mallow, SBN 188745 |
| 8 | | *mmallow@shb.com* |
| | | Rachel A. Straus, SBN 268836 |
| 9 | | *rstraus@shb.com* |
| | | 2049 Century Park East, #3000 |
| 10 | | Los Angeles, California 90067 |
| | | Telephone: (424)285-8330 |
| 11 | | Facsimile: (424) 204-9093 |
| 12 | | *Counsel for Defendant American Honda Motor Co., Inc.* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of October, 2023 at Orinda, California.

                          /s/ *Laurence D. King*
                            Laurence D. King