UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RAYNALDO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 4:21-cv-05808-HSG   (KAW)<br><br>**ORDER TERMINATING 5/17/124 JOINT DISCOVERY LETTER RE PLAINTIFFS' REQUESTS FOR PRODUCTION**<br><br>[Discovery Letter No. 2]<br><br>Re: Dkt. No. 103 |

On May 17, 2024, the parties filed a joint discovery letter regarding Plaintiffs' requests for production of documents. (Joint Letter, Dkt. No. 103.)  As Defendant points out, and Plaintiffs acknowledge, the format of the letter does not comply with the Court's standing order. *Id.* at 1 n. 1, 3.  While Plaintiffs contend that the letter does not comply due to the Court's joint letter page limit, if the parties require additional pages to comply with the Court's standing order, they may request them after they have sufficiently met and conferred to narrow the scope of their dispute.

Regardless, upon a cursory review, the letter pertains to the general scope of discovery, and whether Defendant may unilaterally limit the scope of Plaintiffs' requests to the allegedly defective F-CAN system. (*See* Joint Letter at 1-3.)  To aid the parties in their meet and confer efforts, the Court observes that Defendant appears to be improperly narrowing the scope of the requests, because the alleged parasitic drain defect may be found in battery investigation documents that do not include the explicit F-CAN search terms. (*See, e.g.,* Joint Letter at 2, Ex. 1 at 10.)  The Court also notes that, absent an agreement from the propounding party, under Rule 34(b)(2)(B), responsive documents must either be simultaneously produced with the responses, or the responses must state a reasonable but certain date on which all responsive documents will be

1  produced. Fed. R. Civ. P. 34(b)(2)(B).  Merely promising to produce documents at an uncertain,

2  future date does not satisfy one's discovery obligation. (*See* Joint Letter, Ex. 1 at 10.)  Finally, the

3  Court implores Defendant to be more judicious when asserting objections to discovery requests, as

4  neither of the exemplar requests appear to be vague, ambiguous, overbroad, unduly burdensome,

5  or otherwise run afoul of Rule 26.  The fact that Defendant contends that it is "not aware of a

6  'Parasitic Drain Defect' as defined by Plaintiffs" is not well taken, as Defendant is well aware of

7  Plaintiffs' allegations. (*See* Joint Letter, Ex. 1 at 9-10, 69.)  Finally, the Court does not tolerate

8  "general objections" to discovery. *See Springer v. Gen. Atomics Aeronautical Sys.*, 16-cv-2331-

9  BTM-KSC, 2018 WL 490745 (S.D. Cal. Jan. 18, 2018).  Thus, no discovery responses served in

10 matters pending before this Court should contain any such objections, whether as a preface to

11 discovery responses or repeated verbatim in multiple responses.

12       Accordingly, the parties are ordered to meet and confer to further narrow the scope of their

13 current dispute.  In doing so, they are directed to review Paragraph 9 of the Northern District

14 Guidelines for Professional Conduct, which pertain to discovery, as well as the Northern District

15 E-Discovery (ESI) Guidelines, which are available at: https://cand.uscourts.gov/rules/northern-

16 district-guidelines/.  If the parties are unable to entirely resolve their dispute, they are ordered to

17 file another joint discovery letter.  If they require additional pages, they shall file a stipulation

18 requesting same.  To the extent that the parties have a dispute regarding ESI and search terms, that

19 dispute may be addressed in a joint letter separate from general requests for production of

20 documents.

21       This resolves Dkt. No. 103.

22       IT IS SO ORDERED.

23 Dated: May 21, 2024

                                                                          KANDIS A. WESTMORE
United States Magistrate Judge