SHOOK, HARDY & BACON L.L.P.
Michael L. Mallow (SBN 188745)
*mmallow@shb.com*
Rachel A. Straus (SBN 268836)
*rstraus@shb.com*
Michael B. Shortnacy (SBN 277035)
*mshortnacy@shb.com*
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: 424.285.8330 | Fax: 424.204.9093

Amir Nassihi (SBN 235936)
*anassihi@shb.com*
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel:  415.544.1900 | Fax:  415.391.0281

Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| RONALD RAYNALDO, FERNANDA NUNES FERREIRA, GEORGE JONES, ROBERT LIZZUL, MITCHELL BRYON PAZANKI, JOHN PROVENZANO, HARRY RAPP, DENNIS WOODS, DAYANE TESSINARI, BRENDAN SANGER, and JASON CASEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 4:21-cv-05808-HSG<br><br>Assigned to: Hon. Haywood S. Gilliam, Jr.<br><br>**AMERICAN HONDA MOTOR CO., INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Civil L.R. 72-2; Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A))**<br><br>Complaint Filed: July 28, 2021 |

**INTRODUCTION**

On August 28, 2024, the Magistrate Judge ordered AHM to re-produce documents with all relevancy redactions removed (Dkt. 114 pgs. 2-3, the "Order"). Pursuant to Civil L.R. 72-2, Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A), AHM seeks relief from the Court's order requiring AHM to re-produce documents without redactions of information about non-class vehicles and issues completely unrelated to Plaintiffs' alleged defect theory that problems associated with the Fast Controller Area Network ("F-CAN") in certain Honda Accord and CR-V vehicles ("Class Vehicles") can cause parasitic battery drain. Throughout the course of discovery, the Parties have had a fundamental disagreement about whether Plaintiffs are entitled to documents and information relating generally to any battery issues that have nothing to do with the F-CAN or any of its components. AHM initially redacted from the documents it has produced two categories of information: (1) documents and information related to other battery issues in the Class Vehicles that had nothing to do with the F-CAN ("Category I"); and (2) documents and information unrelated to the Class Vehicles or any component, including batteries, at issue in this case ("Category II").

Although AHM strongly disagrees that general battery information that has nothing to do with the F-CAN, or its components, in the Class Vehicles is relevant to the claims or defenses in this case, AHM has repeatedly offered a compromise to Plaintiffs' counsel: AHM would re-produce the Category I documents, but would be allowed to maintain redactions if the redactions relate to non-Class Vehicles and other, non-battery and non-F-CAN issues completely unrelated to Plaintiffs' defect theory and the vehicle systems at issue in this litigation. Not only is this information irrelevant, but AHM is concerned that information about other vehicles and other issues it is investigating could be used by competitors and/or the nine plaintiffs' firms who are counsel of record in this case, and who regularly bring claims against AHM to inform their decision on the next case to pursue against AHM. Plaintiffs have continuously rejected AHM's suggested compromise. After receiving the Magistrate Judge's Order, AHM re-produced all documents in Category I and again tried to convince Plaintiffs to agree to AHM's proposal to alleviate the need to file this Motion. Plaintiffs would again not agree.

1  In issuing the August 28, 2024 Order, the Magistrate Judge erred in three ways: (1) the Court ignored the plain language of the parties' agreed ESI Protocol; (2) the Court failed to apply Rule 26 as the controlling standard and ignored authority permitting relevancy redactions for similar, irrelevant information under that standard; and (3) the Court failed to assess or weigh the significant prejudice that AHM will suffer if this irrelevant information is required to be produced, as well as the lack of prejudice that Plaintiffs will experience if irrelevant information relating to non-Class Vehicles and issues that have nothing to do with the F-CAN system or vehicle batteries is redacted. AHM respectfully requests that this Court sustain AHM's limited objection to the Magistrate Judge's order requiring AHM to produce the Category II documents.

## ARGUMENT

### I. The magistrate judge erred in ignoring the plain language of the parties' ESI Protocol

In late 2022, the parties negotiated an agreement governing how ESI should be produced in this case. Section 7(b) of that agreement states: "[n]othing in this ESI Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity." In other words, per the plain language of the parties' agreement, irrelevant information could, in limited circumstances, be withheld from otherwise responsive documents. AHM insisted on this language because it knew that much of the information contained in otherwise responsive documents would be irrelevant, commercially sensitive, and confidential, and acted in accordance with the Protocol's language in making its productions with irrelevant information redacted—until Plaintiffs belatedly objected. In situations such as this, where the parties enter into a governing agreement that permits relevancy redactions, courts have permitted the parties to make such redactions. *Shell Offshore, Inc. v. Eni Petroleum US LLC*, 2017 WL 1153165, at *5 (E.D. La. Aug. 28, 2017).[1]

---

[1] While the Court cited *Evon v. Law Offs. of Sidney Mickell*, 2010 U.S. Dist. LEXIS 20666 (E.D. Cal. Feb. 3, 2010) for the proposition that "a party should not take it upon him, or her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case" (Dkt. 114 at 2), *Evon* also explicitly permits relevancy redactions where, like here, an agreement between the parties permits them. *Id*. at *5 n1.

1   Thus, the Court erred in ignoring the clear and controlling language of the parties' ESI
2   Protocol, which makes clear that parties are not required to disclose irrelevant information.

**II.     The magistrate judge failed to apply Rule 26 as the correct legal standard**

Rather than rely on the plain language of the parties' agreement, the Court erroneously brushed it aside in favor of relying strictly on Rule 34, which the Court found requires documents be produced "as they are kept in the usual course of business" (Dkt. 114 at 3). However, Rule 34 (which governs the format in which documents must be produced) is explicitly restricted by Rule 26(b), which limits the scope of discovery to information "that is relevant to any party's claim or defense and proportional to the needs of the case." *See* F.R.C.P. 34(a). Therefore, it is Rule 26(b)'s "relevancy test" that "all information requested through discovery…must pass." *Cohlmia v. Ardent Health Services, LLC*, 2008 WL 4925764, at *4 (N.D. Okla. Nov. 14, 2008).[2]

Consistent with Rule 26, numerous courts have held that parties are not required to produce irrelevant information, including information that, like the irrelevant information at issue here, concerns commercially sensitive information regarding vehicles that are not part of the putative class and issues that are unrelated to the alleged defect. *See In re Takata*, 2016 WL 1460143, at *2 (information regarding other vehicle makes and models and different vehicle components was irrelevant, permitting the producing party to redact such information on relevancy grounds).[3] The Court erred in failing to acknowledge, let alone account for, this authority.

---

[2] *See also In re: Takata Airbag Prods. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (Rule 26 "govern[s] the scope of discovery" and "'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality'") (quoting Chief Justice John Roberts, *2015 Year-End Report on the Federal Judiciary 6* (2015)); *Kaiser Aluminum Warrick, LLC v. US Magnesium LLC*, 2023 WL 2482933, at *2 (S.D.N.Y. Feb. 27, 2023) (permitting relevancy redactions when they are "consistent with Rule 1 and Rule 26 and do not deprive the other party of context"); *Nazar v. Harbor Freight Tools USA Inc.*, 2019 WL 9828534 at *2 (E.D. Wash. Dec. 27, 2019) (same). While the Court cited *Doe v. Trump*, 329 F.R.D. 262 (W.D. Wash. 2018), even that case acknowledged a split in authority on the issue and declined to establish a rule "that a party may never redact a document on grounds of irrelevance", instead basing its decision on the fact that there was "insufficient justification" for the relevancy redactions. *Id*. at 275-76. In contrast, here the parties entered into a joint ESI Protocol that permits them to make relevancy redactions and, as discussed below, AHM has articulated clear prejudice it will suffer if irrelevant information is produced.

[3] *See also Kaiser*, 2023 WL 2482933, at *2 ("relevancy redactions can be appropriate in some cases," just as "allowing a party to determine whether a document is relevant is standard discovery protocol"—"[t]here is no reason . . . that a party is less able to make good faith relevance

### III. The magistrate judge erred in failing to weigh the significant prejudice AHM would suffer as a result of the disclosure of irrelevant information, and the lack of prejudice to Plaintiffs

AHM does not seek to withhold the Category II information simply because it is irrelevant. Rather, AHM has articulated the very clear prejudice that it would suffer should it be compelled to produce this irrelevant information. The irrelevant information that AHM seeks to withhold concerns non-Class Vehicles and issues that do not pertain to the vehicles' batteries. Providing information pertaining to all Honda and Acura vehicles, concerning lists of complaints about any component, to nine separate Plaintiffs' firms and eighteen lawyers of record risks providing Plaintiffs with information that they may seek to exploit and use as the basis for initiating entirely unrelated future litigation, thus turning discovery from this case into a fishing expedition for future cases. Plaintiffs' firms frequently litigate against vehicle companies such as AHM, and even with a protective order in place there is no assurance that such information will not be used, explicitly or otherwise, as the basis for a future lawsuit.[4] In addition, even documents that are subject to a protective order are

---

determinations as to portions of documents than as to whole documents"); *LKQ Corporation v. Kia Motors America, Inc.*, 2023 WL 3455315, at *6 (N.D. Ill. May 15, 2023) (information related to vehicles and vehicle parts not at issue in the litigation was not relevant and thus relevancy redactions were permitted because "even with a protective order in place, it is difficult to ensure that a litigant-competitor won't use the knowledge they learned from that document in the course of their business"); *Flintkote Co. v. Gen. Accident Assurance Co. of Canada*, 2009 WL 1457974, at *7 (N.D. Cal. May 26, 2009) (permitting defendant to "redact information that is not relevant to this litigation"). *Paris Presents Incorporated v. Lifestyle Products, LLC*, 2017 WL 11541168, at *6 (N.D. Ill. June 28, 2017) (information concerning products unrelated to the case was irrelevant, and thus relevancy redactions were permitted); *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 557 (D. Nev. 2013) (permitting relevant redactions on information that did not relate to the issue at hand); *Louis Vuitton Malletier v. Tex. Int'l P'ship*, 2012 WL 5954673, at *6 & n.2 (S.D. Tex. May 14, 2012) (denying motion to compel unredacted documents because plaintiff's descriptions of redactions "reveal that the information is . . . nonresponsive in that it relates to stores not located at the" shopping center at issue and "clearly would not be relevant to any of the issues in this case even if it is responsive to a broad request for production").

[4] *See Cuomo v. Clearing House Ass'n, LLC*, 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through materials for evidence of some unknown wrongdoing); *Strough v. General Motors LLC*, 2019 WL 2357306, at *3 (D. Colo. June 4, 2019) ("[i]t is well-settled that discovery in one matter is not intended to afford a party an opportunity to seek information for an unasserted claim, or a yet-to-be-filed case"); *Mullally v. Havasu Landing Casino*, 2012 WL 13013031, at *1 (C.D. Cal. June 21, 2012) (same).

vulnerable to data breaches, thus unnecessarily exposing confidential and highly sensitive company information that will not serve either party in their claims in this case.[5]

Plaintiffs, on the other hand, have not articulated any reason why they would be prejudiced by not receiving information pertaining to non-Class Vehicles or issues entirely unrelated to the vehicles' batteries. AHM re-produced a set of documents in which all redactions to any battery-related issue in the class vehicles are removed. While AHM maintains that this information is irrelevant to Plaintiffs' F-CAN defect theory, AHM believes that this path forward provides Plaintiffs with confirmation that AHM is not withholding any responsive information and that the withheld information does not provide any additional context for the responsive information.[6] Plaintiffs' failure to articulate any harm that they would suffer from this irrelevant information being redacted further supports AHM's redactions. *Loop Ai Labs Inc v. Gatti*, 2016 WL 1712131, at *2 (N.D. Cal. Apr. 29, 2016) (allowing redactions of irrelevant information because "Plaintiff offers no argument about why it needs the full, unredacted document, or how the [ ]redacted information is even remotely relevant to its claims."); *Joseph v. Las Vegas Metro. Police Dep't*, 2010 WL 5136010, at *7 (D. Nev. Dec. 10, 2010) (declining to order production of police department's entire policy and procedures handbook in excessive force case because plaintiffs could not explain "why they must have the entire manual, including those sections related to matters such as uniforms, grooming, driving, juveniles, and fiscal affairs, or how these sections could be relevant to their claims").

---

[5] AHM's articulated prejudice it will suffer distinguishes this case from *Doe*, 329 F.R.D. 262, which based its ruling on the fact that "Defendants have not identified any prejudice that might result from production of the redacted material here." *Id*. at 276; *see also* accompanying Decl. of Shane Breuninger.

[6] As an additional effort to provide Plaintiffs with a compromise, AHM also offered to meet with Plaintiffs to show them a sample of unredacted portions of irrelevant documents, to further confirm that such information pertains to non-Class Vehicles and is not relevant to any of their claims. Showing this sample information via video, with agreement of counsel that it would not be copied or used, would have given assurance to Plaintiffs to ease their fear of missing relevant information. However, the Magistrate Judge in essence punished AHM for this voluntary compromise proposal by citing it as evidence "that there is no reason to withhold production of the documents to Plaintiffs" (Dkt. 114 at 3). To be clear, AHM's offer of compromise was not intended as a waiver of the competitively sensitive and highly confidential nature of the information. Rather, it was a pragmatic attempt to compromise and resolve the issue that sought to protect both sides' interests in the dispute.

**CONCLUSION**

For the foregoing reasons, pursuant to L.R. 72-2(b)(2), AHM respectfully requests that this Court sustain AHM's limited objection to the Magistrate Judge's Order requiring AHM to produce the Category II documents without redaction.

Dated: September 4, 2024

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
      Michael B. Shortnacy
Attorneys for American Honda Motor Co., Inc.