UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RAYNALDO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 21-cv-05808-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 123 |

Before the Court is Plaintiffs' motion to consider whether another party's materials should be sealed. The Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted). For example, a court may order sealing under the "compelling reasons" standard of confidential and proprietary business information when public disclosure of such information "could result in improper use by business competitors." *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2

(N.D. Cal. Mar. 15, 2023).

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

When a party seeks to seal a document that has been designated as confidential by another party or non-party, the party filing the sealing motion need not satisfy the showing described above. *See* Civ. L-R 79-5(f)(1). Instead, within seven days of the motion's filing, the designating party must file a statement or declaration justifying the reasons for keeping the document or information under seal. *Id.* 79-5(f)(3). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed material without further notice to the designating party. *Id.*

## II.    DISCUSSION

Plaintiffs filed a motion to consider whether to seal excerpts from their Opposition to Defendant's Motion for Relief from Nondispositive Pretrial Order of a Magistrate Judge, along with four attached exhibits, all of which contain material marked by Defendant as confidential. Dkt No. 123. Defendant timely filed a response. *See* Dkt. No. 132.

Defendant asks the Court to seal one excerpt from Plaintiffs' opposition, which quotes the email exchange in Exhibit C between Defendant's employees. Dkt. No. 132 at 2, 5. Defendant argues that this quote discusses non-class vehicles, market quality investigation techniques, and warranty trend analysis. *Id.* Defendant disagrees that the remaining opposition excerpts mentioned in Plaintiffs' motion should be sealed. *Id.* Defendant also asks the Court to seal Exhibits A–D in full. *See id.* at 3. Defendant argues that the exhibits discuss highly confidential materials, "including warranty trend analysis, market quality sensing tools, and warranty

1  projections," as well as non-class vehicles and a component issue that was separate and distinct
2  from the allegations in this case.[1]  *See id.* at 5–6.  Defendant argues that disclosure of these
3  materials would reveal proprietary and commercially sensitive data and would harm Defendant's
4  competitive standing.  *See id.* at 6 n.5 (citing Dkt. No. 115-1).

   Because Plaintiff seeks to seal documents related to a nondispositive discovery motion that
is only "tangentially related to the merits of the case," the Court applies the "good cause" standard.
*See Ctr. for Auto Safety*, 809 F.3d at 1101; *Laatz v. Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2025
WL 459365, at *2 (N.D. Cal. Jan. 27, 2025) (applying the "good cause" standard to a motion for
relief from a nondispositive pretrial order of a magistrate judge).

   The Court finds that the exhibits and the related excerpt contain Defendant's warranty
trend data and root cause analysis and agrees that disclosing this information could reveal
Defendant's proprietary methods and put it at a competitive disadvantage.  Courts in similar
circumstances have found that the harms from disclosing root cause analysis and warranty trend
data constitute good cause to seal.  *See Lessin v. Ford Motor Co.*, No. 19-CV-01082-AJB-AHG,
2024 WL 4547374, at *4 (S.D. Cal. June 14, 2024) (sealing root cause analysis and warranty data
that the party alleged revealed "the highly proprietary thought processes and problem-solving
processes" of the company); *see also Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016
WL 7374214, at *3 (N.D. Cal. Dec. 20, 2016) (agreeing that "testing, evaluation, investigations,
and root cause analyses" are valuable diagnostic procedures that could cause competitive harm if
revealed).  Since these exhibits discuss this analysis and data throughout, the Court is satisfied that
trying to seal narrower portions of the exhibits would not grant additional access for the public and
would merely make the remaining content unintelligible, especially given that the case is now
closed.  For these reasons, the Court finds that Defendant has shown good cause to seal.

**III.   CONCLUSION**

   Accordingly, the Court **GRANTS** Dkt. No. 123 as to the materials identified by

---

[1] Whether the non-class vehicles and the other issue are relevant is a matter of some dispute and was at issue in the underlying motion for relief.  *See* Dkt. No. 114 (pretrial order); Dkt. No. 115 (motion for relief); Dkt. No. 123-3 at 1 (Plaintiffs' opposition).  The case was dismissed before the motion was decided.

3

1  Defendant. The Court **DENIES** the remainder of the motion to seal addressing the other excerpts
2  in Plaintiffs' opposition, as Defendant has not argued that this material is confidential and subject
3  to seal. The Court **DIRECTS** the parties to file unredacted versions of the opposition brief on the
4  public docket within 7 days of this order.

6  **IT IS SO ORDERED.**
7  Dated: 9/19/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

4